

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV36-3-MU

KASEAN DAMONT BRYSON,             )
                                  )
    Petitioner,                   )
                                  )
    v.                            )     O R D E R
                                  )
SIDNEY HARKLEROAD, Admin. Marion  )
Correctional Inst.,               )
    Respondent.                   )
_____)

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, which includes a request for the appointment of counsel, filed on February 1, 2010 (Document No. 1); Respondent's Answer and Motion for Summary Judgment filed on February 10, 2010 (Doc. Nos. 4, 5 and 6); Petitioner's Opposition filed February 22, 2010 (Doc. No. 10); Petitioner's Motion to Amend Answer filed March 3, 2010 (Doc. No. 11); Respondent's Reply Brief filed March 16, 2010 (Doc. No. 13); and Petitioner's Reply to State Brief filed March 24, 2010 (Doc. No. 14.) For the reasons stated herein, the Petitioner's case will be dismissed as time-barred.

Turning first to Petitioner's request for the appointment of counsel contained in his Petition, there is no constitutional right to counsel in habeas proceedings such as the instant case. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949), cert.denied, 338 U.S. 950 (1950). Furthermore, the Petitioner appears to be adequately representing himself. Consequently, Petitioner's Motion for Appointment of Counsel is denied.

1

## I. Factual and Procedural Background

On July 12, 2007, Petitioner was convicted after a jury trial of felony fleeing to elude arrest, reckless driving and driving while license revoked, as a habitual felon. The reckless driving and driving while licence revoked judgments were arrested, and petitioner was sentenced to 100 - 127 months imprisonment for the remaining offenses. On May 6, 2008, the North Carolina Court of Appeals issued an unpublished opinion affirming in part and dismissing in part. On August 26, 2008, the Supreme Court of North Carolina denied discretionary review. (See Exhibits attached to Respondent's Motion for Summary Judgment). On November 24, 2008, Petitioner dated a pro se motion for appropriate relief (MAR).[1] The Honorable Dennis J. Winner summarily denied this MAR on December 15, 2008. (See Ex. 12 to Respondent's Motion for Summary Judgment). Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals on January 23, 2009 (See Ex. 13 to Respondent's Motion for Summary judgment). Certiorari was denied on January 30, 2009. (Ex. 15.) On December 3, 2009 Petitioner dated a pro se habeas petition and filed it in the Supreme Court on December 7, 2009 (Ex. 16.) Habeas corpus was denied on December 10, 2009. (Ex. 17.) On January 14, 2010, Petitioner dated a pro se petition for writ of mandamus in the Supreme Court of North Carolina and filed same on January 19, 2010. (Ex. 18.) Mandamus and prohibition were denied on January 20, 2010 (Ex. 19.) Petitioner dated the instant federal habeas petition January 27, 2010 and filed in it in ths Court on February 1, 2010 arguing that; (1) he was convicted of felony fleeing arrest in violation of due process because the officer failed to give notice; (2) his statutory right to a grand jury indictment was violated when the trial court added elements not a

---

[1] The MAR was subsequently mailed out on December 3, 2008.

part of the indictment placing the burden on Petitioner in violation of his Fifth and Fourteenth Amendment rights; (3) the trial court failed to submit the indicted offense of reckless driving to endanger but submitted the lesser offense of reckless driving as the indicted offense in violation of his constitutional rights; and (4) he received ineffective assistance of counsel due to appellate counsel's failure to preserve an issue for appellate review.

## II. <u>Analysis</u>

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have
been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on July 12, 2007. Petitioner's case became final on direct review on Monday, November 24, 2008. This was 90 days after the Supreme Court of North Carolina denied discretionary review on August 26, 2008. (Ex. 2.) See Supreme Court Rule 13.1 (90 days to file certiorari petition form final order of state's highest court denying PDR); Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denied a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." (Citations omitted). Petitioner's one-year period of limitations under 28 U.S.C. § 2244(d)(1) therefore began to run on Monday November 24, 2008 and ran for 17 days until he filed his pro se MAR in the Superior Court of Buncombe County on December 11, 2008 (Ex. 11.) See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post conviction motion for appropriate is not tolled from one year period of limitations); Saguilar v. Harkleroad, 348 F.Supp.2d 595, 597 (M.D.N.C. 2004) (after direct appeal final, post conviction MAR tolls one-year limitation period when it is initially filed); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("Under the plain language of the statute [§ 2244(d)(2)], any time that passes between the time that Flanagan's conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation.") Petitioner's one-year period of limitation was then tolled from December 11, 2008, through Judge Winner's December 15, 2008 denial of the MAR, through Petitioner's January 23, 2009 filing of his certiorari petition, until the North Carolina Court of Appeals denied certiorari on January 30, 2009. See Hernandez v. Caldwell, 225 F.3d 435, 437 (4th Cir. 2000) ("gap" between denial of MAR by trial court and filing of certiorari petition in North Carolina Court of Appeals

4

tolled so long as not "unreasonable delay"). Petitioner's one-year period of limitations then ran from January 30, 2009 for another 311 days until he filed his state habeas corpus petition in the Supreme Court of North Carolina on December 7, 2009. When that court denied habeas corpus relief on December 10, 2009, Petitioner's one-year period of limitation resumed and ran another 37 days until Tuesday, January 19, 2010 (January 16, 2010 was a Saturday and Monday January 18, 2010 was a legal holiday). However, on this day, January 19, 2010, Petitioner filed a pro se petition for writ of mandamus and prohibition in the Supreme Court of North Carolina. The Supreme Court of North Carolina denied this motion and petition by order witnessed January 21, 2010. Therefore, Petitioner's one-year period of limitations then fully expired one day later on Friday, January 22, 2010 (i.e. 17 + 311 + 37 = 365). Because Petitioner dated his pro se federal habeas application form January 27, 2010 and filed it in this Court on February 1, 2010, it is at least five days out-of-time. See Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (no equitable tolling for North Carolina petitioner in capital case who filed federal habeas petition one-day late due to miscalculation of time period by counsel).

Petitioner argues that he mailed his MAR on December 3, 2008 and that North Carolina has the equivalent of the federal "prison mailing rule." In support of this position, Petitioner cites the N.C.R. of App. P., Rule 26(a)(1). However, this rule applies to cases on direct appeal. It has no application to state post conviction motions.[2] Under state law a state post conviction motion for appropriate relief (MAR) is considered filed when it is actually filed in the Superior court and served on the opposing party. See N.C.G.S. § 15A-1420(a)(3)(2007) ("A written

---

[2] Moreover, the Court notes that Petitioner's Opposition to Respondent's Motion for Summary Judgment establishes that although Petitioner's MAR was dated November 24, 2008, it was not put into the prison mailing system until December 3, 2008 and not actually filed with the Buncombe County Court until December 11, 2008. See Ex. A.

5

motion for appropriate relief [MAR] must be filed in the manner provided in G.S. § 15A-951(c).") and N.C.G.S. § 15a-951(C)(2007) ("All written motions must be filed with the court. Proof of service must be made by filing with the court a certificate: (1) By the prosecutor, attorney or defendant making the motion that the paper was served in the manner prescribed, or (2) Of acceptance of service by the prosecutor, attorney or defendant to be served. The certificate must show the date and method of service or date of acceptance of service." There appears to be no corresponding "prison mail box rule" for filing MARs in state court, as there is for filing appeals in federal court. See Houston v. Lack, 487 U.S. 266 (1988). See also, Doak v. Quarterman, 271 Fed. App'x. 466, 367 (5th Cir. 2008) (declining to extend the prison "mail box rule" to state post-conviction filings); Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (declining to apply mailbox rule to Texas court filings where Texas did not recognize a mailbox rule for habeas actions); Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003) (declining to apply mailbox rule to New Mexico state filings because New Mexico does not apply the mailbox rule to state filings); Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (declining to extend the mailbox rule to the determination of filing dates for state post-conviction applications where state supreme court had rejected the rule); Koerner v. Grigas, 328 F.3d 10399, 1043 n.1 (9th Cir. 2003) ("[B]ecause Nevada does not recognize a prison mailbox rule for post-conviction petitioners, Koerner's third petition was not filed under Nevada law until actually received by clerk of court"). Compare Fernandez v. Artuz, 402 F.3d 111, 115-16 (2d Cir. 2005) (applying mailbox rule to New York state filing, even though New York did not itself recognize the mailbox rule for state filings; because New York had no deadline for filing petitions, there was no conflict between state and federal law in applying the mailbox rule to the filing of state petitions; Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (applying mailbox rule to

determine when a state habeas petition is "properly filed" because "the conditions that led to the adoption of the mailbox rule are present; the prisoner is powerless and unable to control the time of delivery of documents to the court").

A search of North Carolina cases revealed North Carolina v. Kittrell, 677 S.E. 14 (2009) (unpublished). In Kittrell, the court construed a letter filed by a prisoner as a motion for appropriate relief. The letter included a date which was presumably the date the letter was written. The Court refused to use the date on the letter as the date the MAR was filed. Instead, the court stated it must rely on dates as established by regular court procedures citing N.C.G.S. §§ 15A951(b)-(c). Therefore, it appears that Petitioner's argument that the "prison mail box rule" applies to his state post-conviction motions may be incorrect.[3]

To the extent this Court has incorrectly determined that the prison mail box rule has no application to state post conviction motions, the Court has reviewed and considered Petitioner's filings as well as Respondent's Motion for Summary Judgment and Reply brief and concludes that Petitioner's habeas petition is denied for the reasons stated herein and in Respondent's

---

[3] With respect to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the Court notes that Petitioner argues that "on December 31, 2009 [he] underwent neuro-surgery to remove a rare 'giant-cell tumor' from the left-side of [his] head and that as soon as [he] was released, [he] filed a petition for writ of mandamus, less than one day after being cleared to return to prison from both UNC Chapel and Central Prison Hospital, on the 14th of January 2010, as shown, [he] is currently at Central Prison to continue radiation treatment, post-surgery, to destroy the remaining tumor left inside [his] head." (Doc. No. 10 at 3.) Petitioner's stated reasons do not support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the Petitioner.

Motion for Summary Judgment.

In his first claim, Petitioner argues that he was convicted of felony fleeing arrest in violation of due process because the officer failed to give him notice by activating his blue light or siren. However, the Court notes that this is essentially a claim of insufficiency of the evidence to convict him of felony fleeing to elude a law enforcement officer because the state failed to show that he acted "knowingly, willfully, or intentionally" because he did not have notice that Officer Lamb was chasing him since his blue lights and siren were not on.[4] The standard of review on federal habeas corpus of a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 307 (1979). Further, the Supreme Court has held that any claim of insufficient evidence is necessarily a federal due process claim. See Jackson v. Virginia, 443 U.S. at 321; In Re Winship, 397 U.S. 358, 364 (1970). See also West v. Wright, 931 F.2d 262, 266 (4th Cir. 1991) (any challenge to sufficiency of evidence is necessarily due process challenge), overruled on other grounds, 505 U.S. 277 (1979).

Petitioner raised the substance of this claim on direct appeal. The North Carolina Court of Appeals denied it on the merits as follows:

> Defendant first argues that the State presented insufficient evidence that he was fleeing or attempting to elude a law enforcement officer. He specifically contends that the State failed to prove that he acted "knowingly, willfully, or intentionally" in fleeing Officer Lamb, as he did not have notice that Officer Lamb was pursuing him since Officer Lamb's blue lights and sirens were not on. We disagree.

---

[4]The Court notes that Petitioner argues that his claim is a due process violation claim and not a sufficiency of the evidence claim in a effort to make this claim different than that reviewed by the North Carolina Court of Appeals on direct appeal.

> To survive a motion to dismiss, the State must have presented "substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Garcia, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (citation and quotations omitted), cert. denied, 543 U.S. 1156, 125 S.Ct 1301, 161 L. Ed. 2d 122 (2005). "Substantial evidence" is "relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." Id. (citations omitted). In considering a motion to dismiss by the defense, such evidence "must be taken in the light most favorable to the state . . . [which] is entitled to all reasonable inferences that may be drawn from the evidence." State v. Sumpter, 318 N.C. 102, 107, 347 S.E.2d 396, 399 (1986).
>
> North Carolina law makes its illegal "to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C. Gen. Stat. § 20-141.5(a) (2005). Violation of the statute is elevated from a misdemeanor to a felony when accompanied by two or more of the aggravating factors listed in N.C. Gen. Stat. § 20-141.5(b), which include reckless driving and driving while license revoked. See State v. Funchess, 141 N.C. App. 302, 309, 540 S.E.2d 435, 439 (2000) ("Although many of the enumerated aggravating factors are in fact separate crimes under various provisions of our General Statutes, they are not separate offenses . . . but are merely alternate ways of enhancing the punishment for speeding to elude arrest from a misdemeanor to a Class H felony.").
>
> Thus, despite Defendant's assertions to the contrary, the statute makes no requirement that the State show that the defendant acted "knowingly, willfully, or intentionally" in fleeing or attempting to elude a law enforcement officer. Likewise, there is no mention or reference in the statute or case law that the officer must engage his blue lights or siren in pursing a defendant. Further, the jury heard from Officer Lamb that Defendant had seen him and attempted to hide his face before accelerating enough that Officer Lamb could hear the RPMs of his engine; Ms. Hyatt also testified that the officers were chasing Defendant, and Officers Lamb and Fisher both contradicted her assertion that they told her otherwise at the scene. Taken as a whole, along with Defendant's actions in leaving the scene of the accident and going to a nearby apartment, we find this evidence sufficient for the jury to reasonably infer that Defendant fled or attempted to elude a law enforcement officer in the lawful performance of his duties. Accordingly, we overrule Defendant's argument on appeal.

(See copy of opinion at Ex. 1). This state court adjudication on the merits is correct and did not reach a result contrary to, or involve an unreasonable application of, clearly established federal

law as determined by the Supreme Court of the United States, i.e. Wright v. West and Jackson v. Virginia. Nor was the state court adjudication based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. Therefore, the Court of Appeals' opinion is entitled to the deferential standards contained in 28 U.S.C. § 2254(d) and (e). See Bell v. Cone, 543 U.S. 447 (2005) (The federal habeas statute "dictate a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." (Internal quotation marks and citation omitted) and Early v. Packer, 537 U.S. 3, 8 (2002) (state court need not cite or even be aware of United States Supreme Court cases in order to obtain deferential standards of review).

Next, Petitioner claims that his statutory right to a grand jury indictment was violated when the trial court added elements not a part of the indictment placing the burden on Petitioner in violation of his Fifth and Fourteenth Amendment rights. While this argument is not clear, it seems Petitioner is arguing that the trial judge added the essential elements of "knowingly, willfully and intentionally" to his fleeing to elude charge and put the burden of proving these elements on Petitioner.[5] However, Petitioner's claim is procedurally barred for the reasons stated in Respondent's Motion for Summary Judgment.[6]

---

[5] To the extent that Petitioner is genuinely raising a challenge to his indictment, it is without merit. Indeed, alleged errors or deficiencies in state court indictments do not warrant federal habeas relief unless they rendered the entire state court proceeding fundamentally unfair. See Asheford v. Edwards, 780 F.2d 405 (4th Cir. 1985). There does not appear to be fundamental unfairness here.

[6] Indeed, Petitioner raised the substance of this contention in his MAR. Judge Winner summarily denied the entire MAR on procedural grounds because Petitioner could have, but did not raise his claim on direct appeal. This is an invocation of North Carolina's mandatory post conviction procedural bar statute N.C.G.S. § 15A-1419(a)(3) (2009). The Fourth Circuit had held this to be an independent and adequate state procedural bar. See Sharpe v. Bell, 593 F.3d 371 (4th Cir. 2010); Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008).

As his next, ground for relief, Petitioner argues that the trial court failed to submit the indicted offense of reckless driving to endanger but submitted the lesser offense of reckless driving as the indicted offense in violation of his constitutional rights.[7] This claim is also procedurally barred as Petitioner raised the substance of this claim in his MAR which was denied on procedural grounds as Petitioner could have, but did not raise the claim on direct appeal.   As his last claim for relief, Petitioner argues that his appellate counsel was ineffective for failing to preserve an issue for appellate review.[8] Specifically, he argues that his counsel defaulted the issue of insufficient evidence to prove he was driving recklessly. The North Carolina Court of Appeals noted this default as follows:

> Next, Defendant argues that the State presented insufficient evidence as a matter of law that he was driving recklessly.

---

[7] Petitioner's indictment for reckless driving to endanger was sufficient to put him on notice of the lesser-included offense of reckless driving. Further, alleged errors or deficiencies in state court indictments do not warrant federal relief unless they rendered the entire state court proceeding fundamentally unfair. Here, there does not appear to have been fundamental unfairness.

[8] The Court notes that for the first time in his Opposition to the State's Motion for Summary Judgment, Petitioner adds new claims of ineffective assistance of counsel including that his counsel failed to "present the provision statutes of N.C.G.S. 20-183, N.C.G.S. 20-125(b) in a hearing before trial court that would have shown that by law and constitutional right, petitioner was innocent of any wrong doing under N.C.G.S. 20-141.5(b) fleeing to elude arrest, nor could petitioner be prosecuted under N.C.G.S. 20-140(a) reckless driving when petitioner was only indicted under the offense of reckless driving to endanger under subsection (b) of N.C.G.S. 20-140. Also showing in the record, that trial counsel failed to object to the unlawful amendment when trial court submitted the reckless driving offense under N.C.G.S 20-140(A); nor did trial counsel present any argument of reckless driving to endanger under N.C.G.S. 20-140(b) . . . ." (See Doc. No. 10 at 24.) These claims of ineffective assistance of counsel were not included in Petitioner's Petition and therefore, the State did not respond to these allegations in the Motion for Summary Judgment. The Court will not consider these new claims as they were not the subject of a proper motion to amend. Even if Petitioner were to file a motion to amend, such claims would be untimely and do not relate back to the ineffective assistance of counsel claims contained in Petitioner's original petition.

A review of the trial transcript shows that the basis of defense counsel's motion for insufficiency of the evidence at both the close of the State's evidence and again at the close of all the evidence was the contention that Officer Lamb did not activate his blue lights or siren, so Defendant did not "knowingly, willfully, or intentionally" attempt to flee a law enforcement officer. However, defense counsel made no motion or even any argument to the misdemeanor charge or to the aggravating factor. Neither has Defendant asserted plain error to this Court on the issue of recklessness.

As such, this argument was not properly preserved for appellate review and must be dismissed. See N.C. R. App. P. 10(b)(3) ("a defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action . . . at trial"; Weil v. Herring, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ("[T]he law does not permit parties to swap horses between courts in order to get a better mount."): N.C. R. App. 10(c)(4) (allowing "a question which was not preserved by objection noted at trial" to "nevertheless . . . Be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error.").

(see copy of opinion at Ex. 1). Reckless driving, as defined un N.C.G.S. § 20-14- and incorporated into N.C.G.S. § 141.5(b)(3), is either "driv[ing] any vehicle upon a highway or any public vehicular area carelessly and heedlessly in willful or wanton disregard of the rights and safety of others" or driv[ing] any vehicle upon a highway or any public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." § 20-140(a) and (b). For purposes of a speeding to elude charge, the state may prove the aggravating factor of reckless driving under either theory.

The Court has reviewed the trial transcript in this case and notes that the evidence that Petitioner was driving recklessly was very strong, if not overwhelming. In light of this evidence, Petitioner cannot show that his counsel was deficient (or that he was prejudiced for failing to preserve the issue of insufficient evidence or reckless driving). Strickland v. Washington, 466 U.S. 668 (1984) (two-part test for ineffective assistance of counsel claims); Evitts v. Lucy, 469 U.S. 387 (1985) (ineffective assistance of counsel on appeal). Indeed, counsel is not required to

pursue futile motions or arguments. Therefore, Petitioner's ineffective assistance of counsel claim is without merit.

### III. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Motion for the Appointment of Counsel, contained in his Petition, is **DENIED**;

(2) Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely; To the extent that this Court is not correct in its conclusion that the prison mail box rule has no application to state post conviction motions, Petitioner's Petitioner is denied for the reasons stated in this Order and in Respondent's Motion for Summary Judgment.

(3) Respondent's Motion for Summary Judgment is **GRANTED**,

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller - El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

**SO ORDERED.**

This ____ day of April, 2010.

Graham C. Mullen
United States District Judge